**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| IN THE MATTER OF THE APPLICATION OF WP COMPANY LLC d/b/a THE WASHINGTON POST FOR ACCESS TO CERTAIN SEALED COURT RECORDS | Civil Action No. 16-mc-351 (BAH)<br>Judge Beryl A. Howell |

**MEMORANDUM AND ORDER**

Pursuant to Local Rule of Criminal Procedure 57.6, WP Company LLC d/b/a The Washington Post (the "Post"), moves to unseal and allow public access to certain sealed records relating to search warrants issued in connection with investigations conducted by the United States Attorney's Office for the District of Columbia ("USAO") into possible illegal campaign finance activities undertaken during the 2010 District of Columbia mayoral election, including investigations of former D.C. Mayor Vincent Gray and two of the former mayor's associates (the "Campaign Finance Investigation").  Post's Mot. Public Access Certain Sealed Ct. Recs. ("Post's Mot."), ECF No. 1.  The USAO formally concluded this investigation in December 2015, after successfully prosecuting a number of individuals associated with former Mayor Gray's campaign, but the court records, including the associated case docket numbers, relating to these searches remain sealed.  *Id*. at 1–2.  The Post, which is currently covering Mayor Gray's return to the political arena, seeks the public release of certain sealed records relating to the now-closed Campaign Finance Investigation, namely: (1) search warrants; (2) applications; (3) supporting affidavits; (4) court orders; and (5) returns from these warrants (collectively, "Campaign Finance Investigation Warrant Materials").  *Id*. at 3; Post's Mem. Supp. Mot. Public Access Certain

1

Sealed Ct. Recs. ("Post's Mem.") at 3, ECF No. 1-2. For the reasons set out below, this motion will be granted in part and denied in part.[1]

The public's right to access criminal proceedings stems from the First Amendment, which "protect[s] the free discussion of governmental affairs . . . to ensure that the individual citizen can effectively participate in and contribute to our republican system of self-government." *Globe Newspaper Co. v. Superior Court for Norfolk Cty.*, 457 U.S. 596, 604 (1982) (internal citations and quotations omitted). Consistent with the First Amendment, when confronted with a request for public access to particular criminal proceedings or court documents, courts "analyze two factors: (1) whether the place and process have historically been open to the press and general public, and (2) whether 'public access plays a significant positive role in the functioning of the particular process in question.'" *In re Application of New York Times Co. for Access to Certain Sealed Court Records* ("*In re New York Times*"), 585 F. Supp. 2d 83, 87 (D.D.C. 2008) (quoting *Press–Enterprise Co. v. Superior Court,* 478 U.S. 1, 8–9 (1986)); *see also Washington Post v. Robinson,* 935 F.2d 282, 287–288 (D.C. Cir. 1991) (applying this two-prong test to conclude that there is a qualified right of access to plea agreements). Even where such a right exists, however, this right is "'qualified' and is not absolute." *In re New York Times*, 585 F. Supp. 2d at 90. Thus, criminal proceedings or documents may remain under seal where the government meets its "burden of showing that it has a compelling interest in keeping the materials secret." *Id.* (citing *Globe Newspaper Co.*, 457 U.S. at 606).

---

[1] The Post has requested oral argument on the pending motion, Post's Mot. at 4, but given the sufficiency of the written submissions to resolve the pending motions, this request is denied. *See* LCrR 47(f) (allowance of oral hearing is "within the discretion of the court").

While the D.C. Circuit has not had occasion to consider the issue, *see Computer Professionals for Soc. Responsibility v. Secret Serv.*, No. 92-5140, 1993 WL 20050, at *1 (D.C. Cir. Jan. 5, 1993) (per curiam) (noting that "there is no clear tradition of public access to search warrant materials *related to an ongoing investigation*" (emphasis added)), at least one Judge on this Court has found a qualified right of access to warrant materials after the conclusion of an investigation. This holding was predicated on the finding that the "post-investigation warrant materials sought in this case have historically been available to the public" and that "[p]ublic access to warrant materials serves as a check on the judiciary because the public can ensure that judges are not merely serving as a rubber stamp for the police." *In re New York Times*, 585 F. Supp. 2d 83, 88–90. [2] Upon consideration of this authority, this Court agrees that, under the First Amendment, the Post has a qualified right to access court records associated with searches conducted in furtherance of the now-closed Campaign Finance Investigation.

Having concluded that such a qualified right attaches, the presumption of public access to these materials may be overridden only if the government demonstrates that "'(1) closure serves a compelling interest; (2) there is a substantial probability that, in the absence of closure, this compelling interest would be harmed; and (3) there are no alternatives to closure that would adequately protect the compelling interest.'" *Washington Post*, 935 F.2d at 290 (quoting *Oregonian Pub. Co. v. U.S. Dist. Court for Dist. of Oregon*, 920 F.2d 1462, 1466 (9th Cir. 1990)).[3] Here, the Post is correct that any remaining law enforcement and privacy interests

---

[2] The *In re New York Times* court held, in the alternative, that the public has a common law right of access to post-investigation warrant materials. 585 F. Supp. 2d at 92. Since the Court agrees that the First Amendment provides a qualified right of access to such materials, the Court need not, and does not, consider whether such a right arises independently under the common law. Likewise, while the Post correctly notes that courts have generally precluded access to warrant materials related to an *ongoing* investigation, Post's Mem. at 14 n.7, the present application seeks only warrant materials related to the now-closed Campaign Finance Investigations.

[3] The government submitted, under seal and *ex parte*, a response to the Post's pending motion. *See* Govt.'s Resp. to the Post's Mot. for Public Access to Certain Sealed Court Records ("Govt.'s Resp."), ECF No. 6-2. The Court has taken into consideration this response in its resolution of this motion.

implicated by the public disclosure of the relevant warrant materials is insufficient to justify maintaining these warrants under seal entirely. Post's Mem. at 16–20. Indeed, with the Campaign Finance Investigation now closed, and the prosecutions arising from this investigation widely known, the government concedes that maintaining blanket secrecy on the specific records sought from the Campaign Finance Investigation is not necessary. Govt.'s Resp. to the Post's Mot. for Public Access to Certain Sealed Court Records ("Govt.'s Resp.") at 7, ECF No. 6-2.

At the same time, however, the Court is mindful, as the Post concedes, that these materials may include various information that is not yet public and may implicate important governmental and private interests. Post's Mem. at 19. For example, to the extent that these materials refer to uncharged third parties or confidential informants, the public release of this information could significantly infringe upon both the government's interest in obtaining confidential assistance in future investigations, as well as the reputational interests of innocent citizens. *See, e.g.*, *In re Search Warrants Issued on May 21, 1987*, No. 87-186 (JHG), 1990 WL 113874, at *5 (D.D.C. July 26, 1990) (noting that the privacy rights of innocent third parties may be implicated by the release of sealed affidavits supporting executed search warrants); *In re New York Times*, 585 F. Supp. 2d at 91 (recognizing the compelling governmental interest in keeping the identity of informants secret). While these interest do not militate in favor of full secrecy, these interests may be protected through less restrictive means (*i.e.*, redacting this information prior to unsealing the relevant materials). *See In re New York Times*, 585 F. Supp. 2d at 94. Accordingly, it is hereby

**ORDERED** that the Post's Motion for Public Access to Certain Sealed Court Records is granted in part and denied in part; and it is further

**ORDERED** that, with respect to the Campaign Finance Investigation Warrant Materials contained in miscellaneous docket numbers 12-mj-179, 12-mj-180, 12-mj-181, 12-mj-182, 12-mj-183, 12-mj-252, 13-mj-744, 14-mj-617, 14-mj-716, 15-mj-21, 15-mj-22, 15-mj-23, 15-mj-24, 15-mj-25, 15-mj-26, 15-mj-27, 15-mj-28, 15-mj-29 (the "Campaign Finance Investigation Miscellaneous Dockets"), the following procedures shall be applied:

1. The government shall, by April 8, 2016, file under seal for review by the Court, any proposed redactions to the Campaign Finance Investigation Warrant Materials as required to protect (1) the identities of uncharged third parties, (2) the identities and personal identifiers of any confidential informants, and (3) any personal identifying or contact information;

2. Following review and approval of any proposed redactions by the Court, any redacted Campaign Finance Investigation Warrant Materials shall be filed by the Court in the appropriate docket; and

3. The Campaign Finance Investigation Miscellaneous Dockets shall remain under seal until April 15, 2016, at which time, the Clerk of the Court shall unseal these dockets, except for any unredacted documents contained in each docket ordered by the Court to remain under seal.

**SO ORDERED.**

Date: April 1, 2016

_____
BERYL A. HOWELL
Chief Judge