IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN THE MATTER OF THE APPLICATION OF WP COMPANY LLC d/b/a THE WASHINGTON POST FOR ACCESS TO CERTAIN SEALED COURT RECORDS | : FILED UNDER SEAL<br>: AND EX PARTE<br>:<br>: CIVIL NO. 16-MC-351 (AK)<br>: |

## GOVERNMENT'S RESPONSE TO THE WASHINGTON POST'S MOTION FOR PUBLIC ACCESS TO CERTAIN SEALED COURT RECORDS

The United States of America, through undersigned counsel, respectfully submits this response to WP Company LLC d/b/a The Washington Post's ("the Post") Motion for Public Access to Certain Sealed Court Records. In support of this response, the government states as follows:

### Background

On December 9, 2015, the United States Attorney's Office for the District of Columbia ("USAO" or "the government") announced that it had concluded its long-running "investigation into corrupt spending in federal and local political campaigns, including the 2010 mayoral election in the District of Columbia" ("campaign finance investigation"). *See* Post's Br. (Doc. No. 2), Exhibit 24 at 1. The government's campaign finance investigation had "uncovered evidence of over $3.3 million in illegal contributions to various campaigns between 2006 and 2011." *Id.* In the course of that investigation, twelve individuals pled guilty to charges stemming out of USAO's investigation, and seven of these individuals pled guilty to offenses directly involving or connected to the 2010 mayoral election in the District of

Columbia. *Id.* ███████████ was among those individuals who pled guilty to charges related to the government's campaign finance investigation. *Id.* at 2.[1]

In the course of and related to its campaign finance investigation, the government applied for (and was issued) 18 search warrants for various properties, e-mail addresses, and cell sites (the "Election Investigation Warrant Materials").[2] On the government's request, the Election Investigation Warrant Materials were placed under seal. ███████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████ ██

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████ ██ █████████

███████████████████████████████████████████████████

---

[1] Several of these matters ███████████████████ are pending sentencing before the Honorable Colleen Kollar-Kotelly. *See United States v. Jeffrey E. Thompson*, 14:-cr-49 (CKK); *United States v. Eugenia C. Harris*, 12-cr-156 (CKK); *United States v. Lee A. Calhoun*, 13-cr-173 (CKK); *United States v. Stanley Straughter*, 13-cr-181 (CKK); *United States v. Vernon Hawkins*, 13-cr-227 (CKK).

[2] The docket numbers for the Election Investigation Warrant Materials are: 12-mj-179; 12-mj-180; 12-mj-181; 12-mj-182; 12-mj-183; 12-mj-252; 13-mj-744; 14-mj-617; 14-mj-716; 15-mj-0021; 15-mj-0022; 15-mj-0023; 15-mj-0024; 15-mj-0025; 15-mj-0026; 15-mj-0027; 15-mj-0028; and 15-mj-0029.

[3] ██████████████████████████████████████████████
███████████████████████████████████████████████████



On February 22, 2016, the Washington Post filed a motion for public access to certain sealed court records "relating to search warrants issued in connection with the investigations by the United States Attorney's Office for the District of Columbia (the 'USAO') into campaign finance corruption during the 2010 election of Vincent C. Gray as mayor of the District of Columbia, *and* related investigations into Mayor Gray, Jeffrey E. Thompson and Eugenia C. Harris, the formal conclusion of which was recently announced by the USAO (the 'Election Investigations')." *See* Post's Mot. (Doc. No. 1) at 1 (emphasis added). The specific records that the Washington Post seeks to unseal are: "(a) search warrants, (b) warrant applications, (c) affidavits in support of warrant applications, (d) court orders, and (e) returns filed with the Court relating to *or stemming out* of the Election Investigations, whether or not the warrant was issued, and whether or not it was executed[.]" *Id.* at 3 (emphasis added).

In support of its motion, the Washington Post argues that, "when a law enforcement investigation has concluded, the public has a qualified right under the First Amendment to access the search warrant materials connected to the

investigation." Post's Br. at 1. Similarly, it contends that, once an investigation has been completed, the public has a common law right of access to the warrant materials related to that investigation. *See id.* at 21.

## Discussion

For the reasons stated below, the government does not oppose the Washington Post's motion to unseal the Election Investigation Warrant Materials (with certain redactions to protect uncharged third parties, confidential informants, and personal information, such as phone numbers and addresses).

### I.   Applicable Legal Principles

Both the First Amendment and the common law provide possible bases for an interested party to seek public access to criminal proceedings and documents. *See In*

---

4

*re Application of New York Times Co. for Access to Certain Sealed Court Records* ("*In re New York Times*"), 585 F. Supp. 2d 83, 87 (D.D.C. 2008). As explained *infra*, however, these rights are "qualified." A court may restrict public access in light of competing interests.

## A. The First Amendment Qualified Right of Access

"[I]n determining whether the public has a qualified right of access to criminal proceedings," under the First Amendment, "courts must analyze two factors," commonly referred to as the "experience and logic" test. *In re New York Times*, 585 F. Supp. 2d at 87. First, the court must consider "whether the place and process have historically been open to the press and general public." *Id.* Second, the court must determine "'whether public access plays a significant positive role in the functioning of the particular process is question.'" *Id.* (quoting *Press-Enterprise Co. v. Superior Court*, 478 U.S. 1, 8–9 (1986)). "[T]he First Amendment right of access is 'qualified,' and is not absolute." *Id.* at 90. The government may, therefore, offer a compelling reason that a particular criminal proceeding or record should remain out of public view. *See id.*[5] "Under the First Amendment qualified right of access test, the government must demonstrate that total restriction of the right of access is narrowly tailored to accomplish its compelling interests." *Id.* at 91.

The issue presented in *In re New York Times* was "whether or not there [was] a First Amendment qualified right of access to warrant materials *after an*

---

[5] Using the "experience and logic" test, the D.C. Circuit has held that the First Amendment qualified right of access extends to plea agreements. *See Washington Post v. Robinson*, 935 F.2d 282, 287–288 (D.C. Cir. 1991).

*investigation has concluded.*" 585 F. Supp. 2d at 88 (emphasis added). "Applying the

'experience' and 'logic' test in the first instance to the question of post-investigation

warrant materials," the court concluded that "both prongs of the Supreme Court's

'experience' and 'logic' test weigh in favor of a qualified First Amendment right of

access to warrant materials after an investigation has been completed[.]" *Id.* at 88,

90. First, with respect to the "experience" prong, the court concluded that "[t]he

post-investigation warrant materials sought in this case have historically been

available to the public, and therefore meet the first prong of the Supreme Court's

First Amendment qualified right of access test." *Id.* at 88. Second, with respect to

"logic" prong, the court reasoned that the "openness of judicial processes and

documents gives assurance that established procedures are being followed and that

deviations will become known and corrected." *Id.* at 90 (internal quotation marks

omitted). "Specifically," the court noted, "with respect to warrants, openness plays a

significant positive role in the functioning of the criminal justice system, at least at

the post-investigation stage." *Id.* "Public access to warrant materials serves as a

check on the judiciary because the public can ensure that judges are not merely

serving as a rubber stamp for the police." *Id.*[6]

---

[6] Having concluded that there was a First Amendment qualified right of access to
post-investigation warrant materials, the court in *In re New York Times* concluded
that the government, in that particular case, had "not present[ed] a compelling
interest in keeping the materials secret[.]" 585 F. Supp. 2d at 90.

## B. The Common Law Right of Access

In addition to finding a First Amendment qualified right of access to warrant materials after an investigation has concluded, the court in *In re New York Times* found that there was a common law right of access to warrant materials after an investigation has concluded. 585 F. Supp. 2d at 92. But, "[w]hen making a decision whether or not the public has the right to inspect judicial documents under the common law test, the trial court has substantial discretion to make a decision in light of the relevant facts and circumstances of the particular case." *Id.* Borrowing the six-factor test from *United States v. Hubbard*, 650 F.2d 293 (D.C. Cir. 1981), the court in *In re New York Times* considered:

> (1) the need for public access to the documents at issue; (2) the public use of the documents; (3) the fact of objection and the identity of those objecting to disclosure; (4) the strength of the generalized property and privacy interests asserted; (5) the possibility of prejudice; and (6) the purposes for which the documents were introduced.

585 F. Supp. 2d at 92.[7] In *In re New York Times*, the court, "using its substantial discretion," held that "the common law factors favor disclosure" in that particular case. *Id.* at 93.

## II.   Legal Analysis

### A. The Election Investigation Warrant Materials.

The government does not object to the Court unsealing the requested search warrant materials ▮▮▮▮▮▮ related to the closed Election Investigation, with certain

---

[7] The court deemed the sixth *Hubbard* factor to be inapplicable under the circumstances. *See In re New York Times*, 585 F. Supp. 2d at 92 n.13.

limited redactions. *See In re New York Times*, 585 F. Supp. 2d at 90. The Election Investigation Warrant Materials have the following 18 docket numbers: 12-mj-179; 12-mj-180; 12-mj-181; 12-mj-182; 12-mj-183; 12-mj-252; 13-mj-744; 14-mj-617; 14-mj-716; 15-mj-0021; 15-mj-0022; 15-mj-0023; 15-mj-0024; 15-mj-0025; 15-mj-0026; 15-mj-0027; 15-mj-0028; and 15-mj-0029.

Before unsealing the Election Investigation Warrant Materials, however, the Court should permit the government an opportunity to redact three categories of information. **First**, the government should be permitted an opportunity to redact the identity of any uncharged third parties. *See, e.g., Times Mirror Co. v. United States*, 873 F.2d 1210, 1216 (9th Cir. 1989) (discussing privacy interest of innocent third parties); *In re Search Warrants Issued on May 21, 1987*, Misc. No. 87-186 (JHG), 1990 WL 113874, at *5 (D.D.C. July 26, 1990) ("Since the privacy rights of these innocent third parties would be severely infringed by release of the affidavits, their names and other identifying information shall be redacted.").[8] **Second**, the identity and personal identifiers of any informants should be redacted. *See In re New York Times*, 585 F. Supp. 2d at 91 ("In this case, the Court agrees that the government has demonstrated a compelling interest — promoting effective law enforcement — in keeping the identity of informants secret."); *see also* Post's Br. 19 (not objecting to redactions of informants' identities or personal identifiers). **Third**,

---

[8] The Washington Post relies on (at 20) *United States v. Kott*, 380 F. Supp. 2d 1122 (C.D. Cal. 2004), for the proposition that "[t]he danger of unfounded character assassination [of third parties] is not sufficient to constitute a compelling governmental interest in maintaining the secrecy of the [search warrant affidavits]." *Id.* at 1125. However, *Kott* appears to be an outlier in this regard and cites no authority to support its holding.

and finally, the phone numbers, physical addresses, e-mail addresses, and similar personal information in the warrant materials should be redacted to protect personal privacy. *Cf.* Fed. R. Crim. P. 49.1(a) (requiring redaction of certain personal identifiers); *id.* at 49.1(e) (permitting the court to "require redaction of additional information" for good cause). There is no compelling reason why the press or the public needs access to this personal information.

Accordingly, the government does not object to the Court unsealing the Election Investigation Warrant Materials, with the limited redactions outlined above. These limited categories of redactions are sufficient to protect the government's compelling interest in keeping this information from public release and, at the same time, give the public access to the Election Investigation Warrant Materials. The government would request an opportunity to submit proposed redactions to the Court for *in camera* review.

9

















13





WHEREFORE, for the foregoing reasons, the government requests that this Court grants in part and deny in part the Washington Post's Motion for Public Access to Certain Sealed Court Records.

Respectfully submitted,

CHANNING D. PHILLIPS
D.C. Bar No. 415793
United States Attorney
For the District of Columbia

MICHAEL K. ATKINSON
D.C. Bar No. 430517
Acting Chief
Fraud and Public Corruption Section

JONATHAN P. HOOKS
D.C. Bar No. 468570
Assistant United States Attorney

By:      *//s//*                           /

JAMES M. PEREZ
D.C. Bar No. 986382
Assistant United States Attorney
555 4th Street, N.W.
Washington, D.C. 20530
202-252-6608
james.perez@usdoj.gov

DATED: March 24, 2016

20

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN THE MATTER OF THE APPLICATION OF WP COMPANY LLC d/b/a THE WASHINGTON POST FOR ACCESS TO CERTAIN SEALED COURT RECORDS | : CIVIL NO. 16-MC-351 (AK)<br>:<br>:<br>: <u>FILED UNDER SEAL</u><br>: <u>AND EX PARTE</u><br>: |

## ORDER

Upon the motion of The Washington Post for access to certain sealed court records, and the Government's response thereto, the Court hereby grants in part and denies in part The Washington Post's motion. Specifically, on or before one week from the date of today's order, the government shall submit proposed redactions for the search warrant materials that ▆▆▆ relate to its closed campaign investigation.[14] ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆

▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆

**ORDERED** that The Washington Post's Motion For Public Access to Certain Sealed Court Records is hereby granted in part and denied in part.

_____
Alan Kay
United States Magistrate Judge

---

[14] The docket numbers for these search warrant materials are: 12-mj-179; 12-mj-180; 12-mj-181; 12-mj-182; 12-mj-183; 12-mj-252; 13-mj-744; 14-mj-617; 14-mj-716; 15-mj-021; 15-mj-022; 15-mj-023; 15-mj-024; 15-mj-025; 15-mj-026; 15-mj-027; 15-mj-0028; and 15-mj-029.

[15] ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆

## ATTACHMENT 1

### UNDER SEAL AND EX PARTE

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| IN THE MATTER OF THE APPLICATION ) | Civil No. 16-MC-351 (AK) |
| OF THE WP LLC d/b/a THE WASHINGTON ) | |
| POST FOR ACCESS TO CERTAIN ) | |
| SEALED RECORDS ) | **FILED UNDER SEAL** |
| ) | **AND EX PARTE** |
| ) | |

1



